UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TOMMY WEEKS                                                           PLAINTIFF

V.                              No. 4:21-CV-00853-JM-JTR

CLAYTON EDWARDS, Captain,
White County Jail, *et al.*                                        DEFENDANTS

## **ORDER**

Plaintiff Tommy Weeks ("Weeks") is a prisoner at the White County Detention Center ("WCDC"). He filed this *pro se* action under 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. Before Weeks may proceed with this case, the Court must screen his claims.[1]

To survive § 1915A screening, a "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

plausible claim. *Iqbal,* 556 U.S. at 678. Finally, a plaintiff must plead facts showing how *each defendant* was *personally involved* in the alleged constitutional wrongdoing. *Id.* at 676.

Weeks alleges that WCDC officials are not quarantining inmates who have the Covid-19 virus from those who do not. *Doc. 2 at 3*. Further, he alleges that despite testing negative for the virus, he was placed in a cell with an inmate known to have the Covid-19 virus, putting his life at risk. *Id*.

Although Weeks names only Captain Clayton Edwards ("Edwards") and Sheriff Phillip Miller ("Miller") as Defendants, he makes no specific factual or legal allegations against either of them. *See Iqbal*, 556 U.S. at 676 (explaining that, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Additionally, Weeks cannot bring claims on behalf of other prisoners that he alleges were also housed with Covid-19 positive inmates. *Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners."). Instead, Weeks can proceed only on the alleged constitutional violations he personally experienced. Importantly, in connection with each of those constitutional violations, he should specifically explain how each Defendant was personally involved and how he was personally harmed or injured.

The Court will allow Weeks thirty (30) days, from the date of this Order, to file an Amended Complaint to correct the deficiencies in his current pleading. Such Amended Complaint should provide and include the following information: (1) how each Defendant personally participated in violating his constitutional rights, including dates, times, and places where those violations occurred; (2) what constitutional right he believes each Defendant violated; (3) how he was physically harmed by each of the allegedly unconstitutional conditions at the WCDC; and (4) why he has named Defendants in both their individual and official capacities.

If Weeks elects not to file an Amended Complaint providing the additional information requested in this Order, the Court will proceed to screen his Complaint. *Weeks is placed on notice that, if he elects to stand on the allegations in his Complaint, the Court is likely, in screening that pleading, to conclude it should be dismissed, without prejudice, for failing to state a claim for relief.*

IT IS SO ORDERED this 5th day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE