UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TOMMY WEEKS                                                                                    PLAINTIFF

V.                               No. 4:21-CV-00853-JM-JTR

CLAYTON EDWARDS, Captain,
White County Jail, *et al.*                                                              DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.  Introduction

Plaintiff Tommy Weeks ("Weeks"), a prisoner at the White County Detention Center ("WCDC"), filed a *pro se* § 1983 Complaint and Amended Complaint

alleging Defendants violated his constitutional rights. *Docs. 2 & 6*. Before Weeks may proceed with this case, the Court must screen his claims.[1]

## II. Discussion

Weeks alleges that WCDC officials are not quarantining inmates who have the Covid-19 virus from those who do not. *Doc. 2 at 3*. Further, he alleges that despite testing negative for the virus, he was placed in a cell with an inmate known to have the virus, putting his life at risk. *Id.*; *Doc. 6 at 1*.

Although Weeks names only Captain Clayton Edwards ("Edwards") and Sheriff Phillip Miller ("Miller") as Defendants, he makes no specific factual or legal allegations against either of them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Accordingly, Weeks has failed to state a viable § 1983 claim, and this action should be dismissed, without prejudice.[2]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

[2] By Order dated October 5, 2021, the Court previously notified Weeks of deficiencies in his Complaint and allowed him 30 days to file an "Amended Complaint [that] should provide and include the following information: (1) how each Defendant personally participated in violating his constitutional rights, including dates, times, and places where those violations occurred; (2) what constitutional right he believe[d] each Defendant violated; (3) how he was physically harmed by each of the allegedly unconstitutional conditions at the WCDC; and (4) why he ha[d] named Defendants in both their individual and official capacities." *Doc. 5 at 3*. Importantly, this Order cautioned Weeks that, if he elected not to provide the additional information requested, the Court

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.	This action be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.	The dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

DATED this 7th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

would proceed with screening and would likely conclude his pleadings should be dismissed, without prejudice, for failing to state a claim for relief. *Id. at 3*.

Although Weeks responded with a two-page Amended Complaint, it did not provide any of the additional information requested by the Court or otherwise make any specific factual or legal allegations against Edwards or Miller. *See, Doc. 6*.